9/23/21

Copies mailed
Chambers of Judge Davison

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/23/21

DESHAWN BOOKER,

                              Petitioner,

          - against -

MICHAEL CAPRA,

                              Respondent.

18 Civ. 7019 (PMH)(PED)

**REPORT AND
RECOMMENDATION**

TO:   THE HONORABLE PHILIP M. HALPERN,
      UNITED STATES DISTRICT JUDGE

## I.  INTRODUCTION

DeShawn Booker ("Petitioner"), proceeding *pro se*, filed a Petition for a Writ of Habeas

Corpus pursuant to 28 U.S.C. § 2254 challenging his conviction and sentence upon a plea of

guilty in New York Supreme Court, Sullivan County.  [Dkt. 2.]  On July 24, 2014, Petitioner was

convicted of one count of criminal possession of a weapon in the second degree and sentenced to

13 years incarceration with five years of post-release supervision.  Petitioner is currently serving

his sentence at the Wallkill Correctional Facility in Ulster County, New York.   The Petition

comes before me pursuant to an Order of Reference entered August 15, 2018.  [Dkt. 7.]  For the

reasons that follow, I respectfully recommend that Your Honor **DENY** the Petition.

## II.  BACKGROUND

### A.   Factual History[1]

On October 24, 2013, New York State Police executed a search warrant of Petitioner's

home in the Village of Monticello, New York, which Petitioner shared with co-Defendant

Melissa Figueroa.  The search warrant application was made by Investigator William Young. Jr.

---

[1]     The information in this section is taken from the Petition [Dkt. 2] and Respondent's
Opposition [Dkt. 11].

of the New York State Police Department to New York Supreme Court, Sullivan County and sought, among other things, illegal weapons and drugs. [Dkt. 11-2 at 39-40.] The court (McGuire, J.) signed the warrant on October 21, 2013 authorizing police to search Petitioner's home and seize property including handguns, pistols, rifles, bullets, magazines, and narcotics. [Dkt. 11-2 at 38.]

Petitioner and Figueroa were both home when officers executed the search, along with two children ages 11 and 15. Petitioner was taken into custody, read his *Miranda* rights, and was interviewed by police. Petitioner informed police that he possessed crack cocaine on his person. He also told police the location of the firearms in his home and admitted that the drugs and weapons belonged to him. Police found three grams of crack cocaine, a digital scale, three ballistics vests, an unloaded .22 caliber Jennings pistol, a loaded .9mm Ruger pistol that was later identified to have been stolen from Fulton County, Georgia, and a Hi-Point .9mm rifle. Petitioner was arrested that day.

**B.    Procedural History**

**1.    Arraignment and Indictment**

Petitioner and Figueroa were arraigned in New York Supreme Court, Sullivan County (McGuire, J.) on October 24, 2013. [Dkt. 11-2 at 64-68.] Petitioner requested a copy of the charges, which were provided to him. *Id.* at 65-66. Petitioner requested counsel, and an attorney was appointed from the Sullivan County Legal Aid Panel. *Id.* at 66. Petitioner entered a plea of not guilty. *Id.* at 67. Petitioner, through counsel and on the record, requested a copy of the warrant and warrant application, which the prosecution stated would be produced. *Id.* at 67-68.

Petitioner was indicted by a grand jury on April 16, 2014 for two counts of criminal

2

possession of a weapon in the second degree; two counts of criminal possession of a weapon in the third degree; criminal possession of a controlled substance in the third degree; criminal possession of a controlled substance in the fifth degree; criminal use of drug paraphernalia in the second degree; and two counts of endangering the welfare of a child. [Dkt. 11-2 at 28-34.] Petitioner was adjudicated a second felony offender after a June 2007 conviction and guilty plea for criminal sale of a controlled substance, for which Petitioner had been sentenced to five years of incarceration and two years of post-release supervision. [Dkt. 11-2 at 37.]

### 2.   Initial Proceedings and Petitioner's Omnibus Motion

Petitioner, with counsel, attended a status conference on May 15, 2014. [Dkt. 11-4 at 75-77.] Counsel stated that Petitioner intended to seek discovery and a bail reduction. *Id.* at 76. Petitioner made a pre-trial omnibus motion on May 21, 2014 requesting: dismissal of the indictment; leave to inspect the indictment and grand jury minutes; a reduction of the charges; a bill of particulars; discovery; hearings pursuant to *Huntley*, *Sandoval*, and *Ventimiglia*; and the production of documents under *Brady*, *Rosario*, *Giglio*, and *Consolazio*. [Dkt. 11-3 at 79-88.] At a subsequent conference on June 16, 2014, Petitioner's counsel and the prosecution indicated that discovery had been fully exchanged. [Dkt. 11-4 at 78-82.]

The court (Labuda, J.) ruled on Petitioner's omnibus motion on July 7, 2014. [Dkt. 11-2 at 41-42.] The court declined to dismiss the indictment, based on an *in camera* review of the grand jury minutes, and also denied Petitioner's request to inspect the grand jury minutes. The court denied Petitioner's request to reduce the charges. It granted Petitioner's requests for hearings on *Huntley*, *Sandoval*, *Ventimiglia* and the suppression of evidence, and granted Petitioner's demands for the production of materials under *Brady*, *Rosario*, *Giglio*, and

*Consolazio.* The court denied Petitioner's request for a bill of particulars and discovery, on the grounds that Petitioner's discovery demands had already been answered. *Id.*

### 3. Guilty Plea

The court held a plea hearing on July 24, 2014 where Petitioner appeared with counsel. [Dkt. 11-7 at 15-34.] The prosecution stated that Petitioner had agreed to plead guilty to the first count of the indictment for criminal possession of a weapon in the second degree, and that Petitioner agreed to waive his right to appeal, including federal and state *habeas* petitions and motions under New York Crim. Proc. Law §§ 330 and 440. *Id.* at 16. Petitioner agreed to a sentence of 13 years of incarceration with five years of post-release supervision. *Id.* at 16-17.

Petitioner was placed under oath. [Dkt. 11-7 at 19.] First, Petitioner stated that he was not under the influence of any drugs, alcohol, medication, or other substances that would affected his ability to understand the proceedings. *Id.* Next, the court questioned Petitioner about his decision to plead guilty:

> Q: Mr. Booker, did you understand the statements made by your attorney as well as the Assistant District Attorney regarding the proposed plea bargain in this case?
>
> A: Sir, yes, sir.
>
> …
>
> Q: Do you understand, Mr. Booker, that you do not have to plead guilty. You have the absolute right to proceed to a jury of twelve trial or non-jury trial before this Court, you have the right to—you have the right to test the constitutionality of the search or seizure of any evidence from you by way of a suppression hearing that was scheduled for this morning, and ultimately you are surrounded by a presumption of innocence unless and until a jury or other trier of fact would find you guilty beyond a reasonable doubt. Do you understand those rights?
>
> A: Sir, yes, sir.

4

...

Q:   Mr. Booker, do you have any questions of your attorney, Miss Lasher, regarding you giving up your rights to have a hearing, suppression hearings, your right to have a jury trial, your right to take—well, we'll talk about the appeal in just a moment or two but any questions regarding giving up those rights to hearings and a jury trial and your presumption of innocence?

A:   Sir, no, sir, explained everything to me.

[Dkt. 11-7 at 20-21.]

Next, the court questioned Petitioner about his attorney's performance:

Q:   Okay.  And are you satisfied with the legal advice that Miss Lasher has given you?

A:   Yes.

Q:   Are you also satisfied with her legal performance and representation of you in the courtroom?

A:   Yes.

[Dkt. 11-7 at 21-22.]

Petitioner signed a Waiver of Right to Appeal that day.  [Dkt. 11-2 at 35-36.]  The waiver stated, in pertinent part, that Petitioner understood that he waived his right to appeal as part of his plea, which included issues regarding the effectiveness of counsel prior to the plea and any issue that may arise with regard to the imposition of his sentence.  *Id.*  The court then questioned Petitioner about the written waiver:

Q:   I have before me a written waiver of appeal.  Mr. Booker, did you sign this in open court in the presence of your attorney, Miss Lasher?

A:   Yes, I did, sir.

Q:   Is anyone forcing, threatening or coercing you in any way into giving up your rights to appeal your conviction, your sentence, any of these proceedings?

5

A:     No, sir.

Q:     Do you understand that as part of the plea bargain then, giving up your right
       to the appellate process, you'll not have the right to appeal anything to any
       court, federal or state.  Is that your understanding?

A:     Yes, sir.

[Dkt. 11-7 at 24-25.]

Next, Petitioner pleaded guilty to criminal possession of a weapon in the second degree

and admitted to possessing an operable Ruger .9 millimeter caliber pistol in his home on October

24 without a license.  [Dkt. 11-7 at 26-27.]  The court held that Petitioner's plea would be in full

satisfaction of the entire indictment.  *Id.* at 28.

### 4.     Initial Sentencing Hearing

Petitioner appeared with counsel for a sentencing hearing on November 17, 2014.  [Dkt.

11-2 at 84-89.]  At the start of hearing, Petitioner, through counsel, asked the court for an

adjournment in order to investigate "certain facts" related to his sentence and plea.  *Id.* at 85-86.

The court denied the application and imposed a sentence of 13 years of incarceration with five

years of post-release supervision.  *Id.* at 88-89.

### 5.     Plea Withdrawal and Show Cause Hearing

Petitioner, through counsel, filed an order to show cause on November 19, 2014 to

withdraw Petitioner's guilty plea on the basis that Investigator Young may have made false

statements during his grand jury testimony.  [Dkt. 11-2 at 43-46.]  Petitioner referred to the

matter of *People v. Carlson*, an unrelated case where Investigator Young had testified before the

grand jury, but the indictment was later dismissed on November 7, 2014.  *Id.* at 45.  Petitioner

alleged that the indictment was dismissed because Investigator Young lied to the grand jury.  *Id.*

Petitioner argued that, as a result, Investigator Young's testimony to the grand jury in his case, as well as his application for the search warrant and supporting affidavit, may not be reliable. *Id.* at 45-46. The court vacated Petitioner's sentence and issued an order to show cause on November 20, 2014 setting a hearing for Petitioner's request to withdraw his plea. [Dkt. 11-2 at 43.]

The state objected to Petitioner's request to withdraw the guilty plea and included with its response a copy of the relevant decision in the *Carlson* matter. [State's Objection, Dkt. 11-2 at 47-56; Decision and Order in *People v. Carlson*, Case No. 8794/2013, Dkt. 11-2 at 57-63.] The court in *Carlson*, which was a matter unrelated to Petitioner's proceedings, found that the prosecutor had neglected to introduce to the grand jury a recording of the defendant's statements, and instead relied on Investigator Young's inaccurate recollection of those statements. [Dkt. 11-2 at 62.] As a result, the court dismissed the indictment with leave for the state to re-present the case before the grand jury with the recording of the defendant's statements. *Id.* at 63.

The court in Petitioner's matter heard Petitioner's motion on December 3, 2014. [Dkt. 11-2 at 90-97.] Petitioner, through counsel, argued that the *Carlson* matter demonstrated Investigator Young's willingness to misrepresent statements under oath, which should call into question his truthfulness in Petitioner's case. *Id.* at 91. The prosecution argued that a defendant cannot withdraw a guilty plea on the basis of their perception of the strength of the state's case or the evidence they may present to a jury. *Id.* at 92-93. The prosecution also argued that Investigator Young did not make intentional misrepresentations to the grand jury in the *Carlson* matter, and there was no credibility determination by the court finding that Instigator Young had, in fact, lied. *Id.* at 93-94. The court denied Petitioner's motion and re-sentenced Petitioner to the original sentence. *Id.* at 94-97.

### 6.   Direct Appeal

Petitioner appealed his conviction on December 17, 2016 to the New York Appellate Division, Third Department, raising four grounds. [Dkt. 11-2 at 1-24.] First, Petitioner argued that trial counsel was ineffective by failing to investigate the case concerning Investigator Young's prior grand jury testimony and the warrant application. *Id.* at 10-18. Second, Petitioner argued that the court abused its discretion in denying Petitioner's request to adjourn the original sentencing hearing. *Id.* at 19-20. Third, Petitioner argued that the court erred by giving an oral, as opposed to a written, decision on Petitioner's motion to withdraw his plea, and that trial counsel was ineffective by failing to object to the court providing an oral decision. *Id.* at 21. Finally, Petitioner asserted that the sentence was excessive. *Id.* at 21-23.

The Appellate Division affirmed the judgment and denied Petitioner's appeal. *People v. Booker*, 159 A.D.3d 1221 (N.Y. App. Div. 2018). The Appellate Division held that Petitioner's waiver of his right to appeal precluded his right to challenge his sentence as excessive. The Appellate Division denied Petitioner's ineffective assistance of counsel claim on the basis that it did not relate to the voluntariness of his plea and, therefore, was foreclosed by the waiver of appeal. They denied Petitioner's claim as to the trial court's rendering of an oral decision on the basis that there was no requirement to provide a written decision, and that the oral decision did not preclude Petitioner from appealing the trial court's denial because it was made on the record. Petitioner's remaining arguments were found to be without merit. *Id.* at 1222.

Petitioner moved for leave to appeal before the New York Court of Appeals [Dkt. 11-3 at 52], which was summarily denied on July 10, 2018. *People v. Booker*, 31 N.Y.3d 1145 (2018). Petitioner's conviction became final on October 8, 2018, after the 90-day expiry of Petitioner's

8

time to file a writ of certiorari following the Court of Appeals' denial. *See Chrysler v. Guiney*, 14 F. Supp.3d 418, 433 (S.D.N.Y. 2014) ("Pursuant to 28 U.S.C. § 2244(d)(1)(A), a judgment becomes final only after the denial of certiorari or the expiration of time for seeking certiorari–in the latter case, ninety days after a decision by the New York Court of Appeals.").

### 7.   Proceedings Before This Court

Petitioner filed the Petition on August 2, 2018. [Dkt. 2.]  The state filed its opposition and relevant trial record on November 30, 2018.  [Dkt. 11.]  To date, Petitioner has not filed a reply, and the matter is deemed fully submitted.

## III.   APPLICABLE LAW

"Habeas review is an extraordinary remedy." *Bousley v. United States*, 523 U.S. 614, 621 (1998) (citing *Reed v. Farley*, 512 U.S. 339, 354 (1994)).  Before a federal district court may review the merits of a state criminal judgment in a *habeas corpus* action, the court must first determine whether the petitioner has complied with the procedural requirements set forth in 28 U.S.C. §§ 2244 and 2254.  If there has been procedural compliance with these statutes, the court must then determine the appropriate standard of review applicable to the petitioner's claim(s) in accordance with § 2254(d).  The procedural and substantive standards applicable to *habeas* review, which were substantially modified by the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), are summarized below.

### A.   Timeliness Requirement

A federal *habeas corpus* petition is subject to AEDPA's strict, one-year statute of limitations. *See* 28 U.S.C. § 2244(d).  The statute provides four different potential starting points for the limitations period, and specifies that the latest of these shall apply. *See id.* § 2244(d)(1).

Under the statute, the limitation period is tolled only during the pendency of a properly filed application for State post-conviction relief, or other collateral review, with respect to the judgment to be challenged by the petition. *See id.* § 2244(d)(2). The statute reads as follows:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (d)(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

*Id.* § 2244(d).

The one-year limitation period is subject to equitable tolling, which is warranted when a petitioner has shown "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way' and prevented timely filing." *Holland v. Florida*, 130 S. Ct. 2549, 2262 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).  In the Second Circuit, equitable tolling is confined to "rare and exceptional circumstance[s]," *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000) (per curiam) (internal quotation omitted), which have "prevented [the petitioner] from filing his petition on time," *Valverde v. Stinson*, 224 F.3d 129, 134 (2d Cir. 2000) (internal quotation marks and emphasis omitted).  The applicant for equitable

tolling must "demonstrate a causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of his filing – a demonstration that cannot be made if the petitioner, acting with reasonable diligence, could have filed on time notwithstanding the extraordinary circumstances." *Valverde*, 224 F.3d at 134.

**B.     Exhaustion Requirement**

A federal court may not grant *habeas* relief unless the petitioner has first exhausted his claims in state court. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); *see* 28 U.S.C. § 2254(b)(1) ("[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that – (A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant"); *id.* § 2254(c) (the petitioner "shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented").  The exhaustion requirement promotes interests in comity and federalism by demanding that state courts have the first opportunity to decide a petitioner's claims. *Rose v. Lundy*, 455 U.S. 509, 518-19 (1982).

To exhaust a federal claim, the petitioner must have "fairly present[ed] his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim," and thus "giving the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (internal quotation marks and citations omitted). "Because non-

constitutional claims are not cognizable in federal habeas corpus proceedings, a habeas petition must put state courts on notice that they are to decide federal constitutional claims." *Petrucelli v. Coombe*, 735 F.2d 684, 687 (2d Cir. 1984) (citing *Smith v. Phillips*, 455 U.S. 209, 221 (1982)). Such notice requires that the petitioner "apprise the highest state court of both the factual and legal premises of the federal claims ultimately asserted in the habeas petition." *Galdamez v. Keane*, 394 F.3d 68, 73 (2d Cir. 2005) (internal citation omitted). A claim may be "fairly presented" to the state courts therefore, even if the petitioner has not cited "chapter and verse of the Constitution," in one of several ways:

> (a) [R]eliance on pertinent federal cases employing constitutional analysis, (b) reliance on state cases employing constitutional analysis in like fact situations, (c) assertion of the claim in terms so particular as to call to mind a specific right protected by the Constitution, and (d) allegation of a pattern of facts that is well within the mainstream of constitutional litigation.

*Daye v. Attorney Gen. of State of N.Y.*, 696 F.2d 186, 194 (2d Cir. 1982). A *habeas* petitioner who fails to meet a state's requirements to exhaust a claim will be barred from asserting that claim in federal court. *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000).

However, "[f]or exhaustion purposes, a federal habeas court need not require that a federal claim be presented to a state court if it is clear that the state court would hold the claim procedurally barred." *Reyes v. Keane*, 118 F.3d 136, 139 (2d Cir. 1997) (internal quotation omitted). "In such a case, a petitioner no longer has 'remedies available in the courts of the State' within the meaning of 28 U.S.C. § 2254(b)." *Grey v. Hoke*, 933 F.2d 117, 120 (2d Cir. 1991). Such a procedurally barred claim may be deemed exhausted by a federal *habeas* court. *See, e.g.*, *Reyes*, 118 F.3d at 139. However, absent a showing of either "cause for the procedural default and prejudice attributable thereto," *Harris v. Reed*, 489 U.S. 255, 262 (1989), or "actual

innocence," *Schlup v. Delo*, 513 U.S. 298 (1995), the petitioner's claim will remain unreviewable by a federal court.

Finally, notwithstanding the procedure described above, a federal court may yet exercise its discretion to review and deny a mixed petition containing both exhausted and unexhausted claims, if those unexhausted claims are "plainly meritless." *Rhines v. Weber*, 544 U.S. 269, 277 (2005); *see* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State."); *Padilla v. Keane*, 331 F. Supp.2d 209, 216 (S.D.N.Y. 2004) (interests in judicial economy warrant the dismissal of meritless, unexhausted claims).

## C.    Procedural Default

Even where an exhausted and timely *habeas* claim is raised, comity and federalism demand that a federal court abstain from its review when the last-reasoned state court opinion to address the claim relied upon "an adequate and independent finding of a procedural default" to deny it. *Harris*, 489 U.S. at 262; *see also Coleman v. Thompson*, 501 U.S. 722, 730 (1991); *Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991); *Levine v. Comm'r of Corr. Servs.*, 44 F.3d 121, 126 (2d Cir. 1995). A state court decision will be "independent" when it "'fairly appears" to rest primarily on state law. *Jimenez v. Walker*, 458 F.3d 130, 138 (2d Cir. 2006) (citing *Colman*, 501 U.S. at 740). A decision will be "adequate" if it is "'firmly established and regularly followed' by the state in question." *Garcia v. Lewis*, 188 F.3d 71, 77 (2d Cir. 1999) (quoting *Ford v. Georgia*, 498 U.S. 411, 423-24 (1991)).

The Supreme Court has held that a federal court may review a claim that is procedurally barred if the petitioner can show a "fundamental miscarriage of justice," which occurs where a

13

petitioner is "actually innocent of the crime for which he has been convicted." *Coleman v. Thompson*, 501 U.S. 722, 729 (1991); *Cotto v. Herbert,* 331 F.3d 217, 239 n.10 (2d Cir. 2002).

**D.    AEDPA Standard of Review**

Before a federal court can determine whether a petitioner is entitled to federal *habeas* relief, the court must determine the proper standard of review under AEDPA for each of the petitioner's claims. 28 U.S.C. § 2254(d)(1)-(2). This statute "modifie[d] the role of federal habeas corpus courts in reviewing petitions filed by state prisoners," and imposed a more exacting standard of review. *Williams v. Taylor*, 529 U.S. 362, 402 (2000). For petitions filed after AEDPA became effective, federal courts must apply the following standard to cases in which the state court adjudicated on the merits of the claim:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim - -
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

§ 2254(d)(1)-(2). The deferential AEDPA standard of review will be triggered when the state court has both adjudicated the federal claim "on the merits," and reduced its disposition to judgment. *Sellan v. Kuhlman*, 261 F.3d 303, 312 (2d Cir. 2001).

Under the first prong, a state court decision is contrary to federal law only if it "arrives at a conclusion opposite to that reached by the [the Supreme Court] on a question of law or if [it] decides a case differently than [the Supreme Court] on a set of materially indistinguishable

facts." *Williams*, 529 U.S. at 413.  A decision involves an "unreasonable application" of

Supreme Court precedent if the state court "identifies the correct governing legal rule from the

Supreme Court cases but unreasonably applies it to the facts of the particular state prisoner's

case," or if it "either unreasonably extends a legal principle from [Supreme Court] precedent to a

new context where it should not apply or unreasonably refuses to extend that principle to a new

context where it should apply." *Id.* at 407.

Under the second prong of AEDPA, the factual findings of state courts are presumed to

be correct.  28 U.S.C. § 2254(e)(1); *see Nelson v. Walker*, 121 F.3d 828, 833 (2d Cir. 1997).  The

petitioner must rebut this presumption by "clear and convincing evidence."  § 2254(e)(1).

## IV.  ANALYSIS

Petitioner's *pro se* submissions must be interpreted liberally to raise the strongest

arguments they suggest.  *See, e.g., Janakievski v. Exec. Dir., Rochester Psychiatric Ctr.*, 955 F.3d

314, 319 (2d Cir. 2020).  Petitioner raises the following grounds: (1) ineffective assistance of

trial counsel for failing to investigate the warrant application and grand jury testimony; (2) the

trial court abused its discretion by denying Petitioner's request to adjourn sentencing; (3) the trial

court erred by rendering an oral, as opposed to a written, decision on Petitioner's motion to

withdraw his plea, and trial counsel was ineffective for failing to object to the entry of an oral

decision; and (4) the sentence was excessive and harsh.

**A.  Timeliness**

The Petition was timely filed.  As stated, the Court of Appeals denied Petitioner's leave

to appeal on July 10, 2018, and his conviction became final on October 8, 2018, after the expiry

of Petitioner's right to file a writ of certiorari.  Therefore, Petitioner had until October 8, 2019 to

file the Petition before the expiry of AEDPA's one-year limitations period. Petitioner filed the Petition on August 2, 2018, before the expiry of the one-year period.

**B.     Ineffective Assistance of Counsel for Failure to Investigate**

Petitioner argues that his trial counsel was ineffective by failing to adequately investigate the case and advise Petitioner on the alleged deficiencies of the search warrant and warrant application leading to his arrest before he pleaded guilty. Petitioner's claim is procedurally barred in light of his guilty plea and waiver of his right to appeal.

Generally, a knowing and voluntary guilty plea procedurally bars federal *habeas* review of claims relating to constitutional rights at issue prior to the entry of the plea. *Whitehead v. Senkowski*, 943 F.2d 230, 233 (2d Cir. 1991). Due process requires an affirmative showing that an accused's plea of guilty is, in fact, entered knowingly and voluntarily before the trial court may accept it. *Boykin v. Alabama*, 395 U.S. 238, 242 (1969). The trial court is thus obligated to make a "searching inquiry" into the circumstances surrounding the plea to ensure that it represents a "voluntary and intelligent choice among the alternative courses of action open to the defendant." *Id.* at 243-44. On *habeas* review, "the governing standard as to whether a plea of guilty is voluntary is a question of federal law, but questions of fact are entitled to the presumption of correctness accorded to state court factual findings." *Meachem v. Keane*, 899 F.Supp. 1130, 1139 (S.D.N.Y. 1995). "Where the record fairly supports a state court's factual findings, and they are therefore presumed to be correct, a petitioner must establish by 'convincing evidence' that the State court's findings were erroneous." *Id.* at 1139-40 (internal citations omitted).

Additionally, under New York law, a knowing, voluntary, and intelligent guilty plea

precludes a petitioner from raising a claim of ineffective assistance of counsel that does not implicate the voluntariness of the plea. *People v. Almonte*, 288 A.D.2d 632, 633 (N.Y. App. Div. 2001) ("Defendant's ineffective assistance of counsel claim does not implicate the voluntariness of his plea and, as such, is similarly foreclosed by the articulated guilty plea and waiver of his right to appeal."). Claims for ineffective assistance of counsel that impact the voluntariness of the plea do, however, survive a guilty plea and waiver of the right to appeal. *People v. Almonte*, 179 A.D.3d 1222, 1224 (N.Y. App. Div. 2020), *leave to appeal denied*, 25 N.Y.3d 940 (2020).

Here, the trial court made a proper, searching inquiry to ensure that the plea was voluntary and intelligent. Petitioner was not hesitant and clearly affirmed his guilt. Petitioner was asked numerous times whether he wanted to plead guilty and whether he actually committed the crimes, and Petitioner responded in the affirmative each time. He was also given an opportunity to speak with his attorney, which he affirmed on the record. The record shows, therefore, that Petitioner's guilty plea was made knowingly and voluntarily.

Petitioner's claim that trial counsel was ineffective by failing to investigate the warrant application or the grand jury minutes does not relate to the voluntariness of the plea, and instead relates to matters before the plea and waiver of appeal. *See, e.g.*, *Vasquez v. Parrott*, 397 F. Supp. 2d 452, 463 (S.D.N.Y. 2005) (holding that the petitioner waived all claims of ineffective assistance of counsel relating to events prior the guilty plea that did not affect the voluntariness of his plea). To be clear, counsel did, in fact, raise these claims *after* Petitioner pleaded guilty and moved for a hearing on this issue. The request was granted, and the court held a full hearing on these very issues. As such, Petitioner's claim for ineffective assistance relates solely to counsel's performance prior to the guilty plea.

17

Petitioner raised this claim on direct appeal, and the Appellate Division denied it in light of his guilty plea. *People v. Booker*, 159 A.D.3d at 1222 ("Defendant's claim that he was denied the effective assistance of counsel—because counsel failed to challenge the validity of a search warrant—does not implicate the voluntariness of his plea and is therefore foreclosed by his appeal waiver."). Thus, the Appellate Division denied the claim on independent procedurally grounds, which were firmly established and regularly followed by New York State courts. *Jacobs v. Demars*, Case No. 13 Civ. 3684 (JFB), 2014 WL 3734323, at *6 (E.D.N.Y. July 30, 2014) (citing *People v. Cumba*, 820 N.Y.S.2d 304, 304 (N.Y. App. Div. 2006)).[2]

Thus, the claim may only be reviewed if Petitioner can show cause for the default and prejudice, or actual innocence. Petitioner failed to show prejudice and cause for his failure to exhaust. Additionally, Petitioner does not show he was actually innocent of the crime. A claim for actual innocence does not concern "legal" innocence or procedural issues at trial, but instead hinges on "actual, factual innocence." *Schlup*, 513 U.S. at 324. Here, the evidence shows that Petitioner was in fact in possession of weapons and controlled substances, which he readily admitted to police upon execution of the search and prior to his arrest. He admitted the same when he pleaded guilty, and Petitioner offers no evidence of actual innocence. Accordingly, Your Honor should dismiss this claim as unreviewable and procedurally barred.

## C.   Abuse of Discretion, Failure to Adjourn Sentencing

### 1.  Exhaustion and Procedural Default

Petitioner's claim that the trial court abused its discretion by declining to adjourn the November 17, 2014 sentencing hearing was properly exhausted. Petitioner raised this claim on

---

[2]    The Court will provide Petitioner with a copy of all unreported cases cited in this Report and Recommendation.

direct appeal to the Appellate Division, which dismissed it on the merits. Respondent argues that Petitioner failed to raise this argument before the Court of Appeals because his leave application was "ambiguous." However, when Petitioner sought leave to appeal before the Court of Appeals, he attached the entirety of the Appellate Division's decision and argued that the Appellate Division "failed to adequately review the facts and the law in denying his appeal." [Dkt. 11-3 at 52.] Though Petitioner did not expressly restate each argument, it was clear that he had challenged the entirety of the appeal. The claim is, therefore, exhausted. Additionally, Petitioner's claim is not precluded by the guilty plea because the sentencing hearing, as well as Petitioner's request to adjourn it, came after the plea. This claim is, therefore, reviewable.

### 2.    Merits

Because this claim is both timely and exhausted, I must determine whether the state's decision was contrary to or an unreasonable application of clearly established Supreme Court Law. *Ylst v. Nunnemaker*, 501 U.S. at 803. Whether to grant an adjournment is a decision that lies within the sound discretion of the trial court, and "the exercise of that discretion ordinarily cannot be overturned absent a showing of prejudice." *Brown v. Griffin*, Case No. 13 Civ. 1352 (AKH)(FM), 2016 WL 4382668, at *9 (S.D.N.Y. May 12, 2016), *report and recommendation adopted*, 2016 WL 4382708 (S.D.N.Y. Aug. 16, 2016) (internal citations omitted). Accordingly, to obtain *habeas* relief based on this claim, Petitioner must establish that the denial of his request for an adjournment somehow impaired his defense of the case. *Id.* (citing *United States v. Cronic*, 466 U.S. 648, 662 n.31 (1984)).

Here, the record shows that the trial court did not abuse its discretion, nor did the denial impair Petitioner's ability to defend his case. Petitioner pleaded guilty on July 24, 2014, and the

initial sentencing hearing took place months later on November 17, 2014.  Petitioner made an

oral request for the adjournment on the day of sentencing offering no support for the request.

The trial judge noted that that had been the first time he heard the request and that nothing was

filed on the record.  Nevertheless, the trial court allowed Petitioner to file an order to show cause

to vacate the sentence to argue his motion at a later date.  Petitioner did so by filing an order to

show cause days later, and, as a result, the trial judge vacated the sentence and allowed Petitioner

to fully argue the issue.

Accordingly, the trial judge granted Petitioner the very relief he sought when he requested

the adjournment by vacating the sentence and scheduling a further hearing.  Because Petitioner's

request for additional time was ultimately granted, Petitioner cannot argue that he was

prejudiced, or that his ability to defend his case was impaired in any way.  Therefore, the denial

of the adjournment request is not grounds for *habeas* relief.

**D.     Denial of Due Process, Rendering Oral Decision, and Ineffective Assistance**

**1.  Exhaustion**

Petitioner's third ground contains two parts.  First, Petitioner asserts that the trial court

should have rendered a written decision, as opposed to an oral decision, on his motion to

withdraw the plea, which, he argues, denied him due process.  [Dkt. 2 at 8.]  Second, Petitioner

argues that counsel was ineffective for failing to object to the same.  [Dkt. 2 at 18.]  Both claims

were properly exhausted.  In his direct appeal to the Appellate Division, Petitioner argued that

the court "and or his attorney" should have ensured that a written decision was rendered.  [Dkt.

11-2 at 21.]  Affording Petitioner the liberality due to *pro se* litigants, this short statement could

be construed as an argument attacking the actions of the trial court as well as the assistance of

20

trial counsel.  Additionally, neither claim would be precluded by the guilty plea, which took place before either claim arose.  Accordingly, Petition exhausted both claims.

## 2.   Merits, Denial of Due Process and Rendering an Oral Decision

Petitioner's claim that the trial court erred fails because it does not raise a federal claim, and instead was decided on independent state law grounds.  "A federal habeas court will not review a claim rejected by a state court 'if the decision of [the state] court rests on a state law ground that is independent of the federal question and adequate to support the judgment.'"  *Walker v. Martin*, 562 U.S. 307, 315 (2011) (internal citations omitted).

The Appellate Division denied Petitioner's claim on the basis that, under state law, there was no requirement for the court to issue a written decision when denying a motion to withdraw a guilty plea.  *People v. Booker*, 159 A.D.3d at 1222 (citing New York Crim. Proc. Law § 220.60 and *People v. Elmer*, 19 NY3d 501, 507-08 (2012)).  Additionally, the Appellate Division explained that Petitioner did not have the right under state law to appeal that decision directly.  Nevertheless, Petitioner still had the opportunity to challenge the denial of his motion by appealing the judgment of conviction.  *Id.* (citing New York Crim. Proc. Law § 470.15(1) and *People v. Rubeo*, 60 AD3d 1206, 1207 (N.Y. App. Div. 2009)).  Thus, the fact that the court rendered an oral, instead of a written, decision had no impact on Petitioner's right to appeal.  Furthermore, to the extent that Petitioner claims that his federal due process right was infringed, this argument, too, fails.  "[T]here is no due process right to an appeal."  *Simmons v. Reynolds*, 898 F.2d 865, 868 (2d Cir. 1990).  Thus, Petitioner's claim does not raise a federal ground cognizable on *habeas* review.

### 3. Merits, Ineffective Assistance

In order to establish a claim for ineffective assistance of trial counsel, Petitioner must demonstrate: (1) that his attorney's performance "fell below an objective standard of reasonableness," and (2) that there is a "reasonable probability" that, but for counsel's error, "the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 694 (1984). "The *Strickland* standard is rigorous, and the great majority of habeas petitions that allege constitutionally ineffective counsel flounder on that standard." *Lindstadt v. Keane*, 239 F.3d 191, 199 (2d Cir. 2001). Here, "AEDPA review must be 'doubly deferential' in order to afford 'both the state court and the defense attorney the benefit of the doubt.'" *Woods v. Donald*, 135 S. Ct. 1372, 1376 (2015) (quoting *Burt v. Titlow*, 571 U.S. 12, 15 (2013)) (internal quotations omitted).

Under the first prong, "counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Greiner v. Wells*, 417 F.3d 305, 319 (2d Cir. 2005) (quoting *Strickland*, 466 U.S. at 690). The second prong focuses on prejudice, and Petitioner bears the burden of establishing both deficient performance and prejudice. *See Greiner*, 417 F.3d at 319. However, "there is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one." *Strickland*, 466 U.S. at 697.

As stated, the fact that the court gave an oral and not a written decision had no bearing on Petitioner's case, and so trial counsel had no reason to object. Accordingly, Petitioner fails under both prongs of the *Strickland* standard. Under the first prong, Petitioner cannot show that counsel's performance was unreasonable by declining to make a meritless objection. Under the

22

second prong, the distinction between an oral and written decision had no impact on Petitioner's case. Accordingly, Petitioner's claim should be rejected on the merits.

**E.     Excessive Sentence**

Petitioner asserts that the 13-year prison sentence was harsh and excessive, citing personal issues including the illness of family members, the death of a close relative, and his own struggle with drug and alcohol abuse. Petitioner's claim should be deemed exhausted but procedurally barred, and, in any event, is not cognizable on federal *habeas* review.

Where a criminal defendant pleads guilty and waives the right to appeal a sentence as excessive, such claim may be deemed exhausted but procedurally barred. *Fisher v. Superintendent*, Case No. 12 Civ. 6703 (JPO), 2014 WL 128015, at *10 (S.D.N.Y. Jan. 14, 2014). Here, Petitioner's signed waiver of appeal expressly included a waiver of his right to appeal the sentence as excessive. Petitioner asserted this claim on direct appeal, which the Appellate Division dismissed based on his waiver. *People v. Booker*, 159 A.D.3d at 1222 ("Defendant's unchallenged waiver of the right to appeal precludes his contention that the agreed-upon sentence was harsh and excessive."). Because this claim was raised and decided on direct appeal, Petitioner had no opportunity to raise this claim under New York Crim. Pro. Law § 440.10. *Fisher*, 2014 WL 128015, at *10 ("while New York State law provides for collateral review of a conviction under C.P.L. § 440.10, such review is not available if the claim could have been raised or was actually decided on direct review."). Therefore, Petitioner had no other means to challenge his sentence, and therefore it can be deemed exhausted but procedurally barred. Moreover, as explained above, Petitioner fails to show cause for his failure to exhaust his claim, and he does not show that he is actually innocent of the crime. This claim should,

23

therefore, be dismissed as unreviewable.

In addition, this claim was dismissed on independent state law grounds. Where, as here, the Appellate Division dismisses an attack on the excessiveness of a sentence following the waiver of the right to appeal based on an intelligent, knowing, and voluntary guilty plea, such a dismissal constitutes independent state law grounds which are not reviewable by a *habeas* court. *Guaman v. Racette*, Case No. 14 Civ. 5160 (CS)(LMS), 2016 WL 901304, at *5 (S.D.N.Y. Feb. 5, 2016) ("Courts in this circuit have consistently held that a petitioner's waiver of the right to appeal is an adequate and independent state ground for denying habeas corpus relief."); *see also People v. Lopez*, 6 N.Y.3d 248, 256 (N.Y. 2006) ("[W]hen a defendant enters into a guilty plea that includes a valid waiver of the right to appeal, that waiver includes any challenge to the severity of the sentence.").

As stated, Petitioner does not challenge the voluntariness of his guilty plea or his signed waiver, and, as demonstrated above, the record shows that Petitioner was made aware of his rights and the import of his guilty plea. Petitioner clearly stated on the record that he admitted his guilt, understood the rights he waived, desired to plead guilty, and signed the waiver on the record before the state court reflecting the same. The claim is, therefore, procedurally barred.

Moreover, the claim is not cognizable on *habeas* review. An "excessive sentence claim does not provide a basis for federal habeas relief, because '[n]o federal constitutional issue is presented where, as here, the sentence is within the range prescribed by state law.'" *Briggs v. Phillips*, Case No. 02 Civ. 9340 (SAS) (AJP), 2003 WL 21497514, at *7 (S.D.N.Y. June 30, 2003) (quoting *White v. Keane*, 969 F.2d 1381, 1383 (2d Cir. 1992)). Additionally, where the right to appeal a sentence has been waived as part of a plea agreement, the merits of the sentence

may not be reviewed if the sentence "conforms to the parameters of the plea agreement." *Gatling v. Mantello*, Case No. 99 Civ. 10757 (LTS)(RLE), 2001 WL 1868126, at *5 (S.D.N.Y. May 17, 2002) (citing *United States v. De Jesus*, 219 F.3d 117, 121 (2d Cir. 2000), *cert. denied*, 121 S.Ct. 502 (2000)).

The court imposed the agreed-upon 13-year sentence with five years of post-release supervision, which was within the statutory range. As stated, Petitioner faced five to 25 years imprisonment or more, given his status as a second felony offender. Additionally, Petitioner does not challenge the voluntariness of his plea and, as stated above, the record shows that the plea was intelligent and voluntary. Finally, Petitioner does not assert an independent federal grounds for his claim, for example, he makes no argument that his sentence is "cruel and unusual" under the Eighth Amendment. Accordingly, Petitioner's claim cannot serve as a ground for relief, and should be dismissed.

## IV. CONCLUSION

For the reasons set forth above, I conclude, and respectfully recommend that Your Honor conclude, that the Petition for a Writ of Habeas Corpus be denied. I recommend that no certificate of appealability be issued because reasonable jurists would not find it debatable that Petitioner has failed to demonstrate by a substantial showing that he was denied a constitutional right. *See* 28 U.S.C. § 2253 (c); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).

Dated: September 23, 2021
      White Plains, New York

                                      Respectfully submitted,

                                      Paul E. Davison, U.S.M.J.

**NOTICE**

Pursuant to 28 U.S.C. § 636(b)(1)(C), Rule 72(b) of the Federal Rules of Civil Procedure, and Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts, the parties shall have fourteen (14) days from service of this Report and Recommendation to serve and file written objections.  If copies of this Report and Recommendation are served upon the parties by mail, the parties shall have an additional three (3) days, or a total of seventeen (17) days, from service of this Report and Recommendation to serve and file written objections.  *See also* Fed. R. Civ. P. 6(a).  Such objections, if any, along with any responses to the objections, shall be filed with the Clerk of the Court with extra copies delivered to the chambers of the Honorable Philip M. Halpern, at the Honorable Charles L. Brieant Jr. Federal Building and United States Courthouse, 300 Quarropas Street, White Plains, New York 10601, and to the chambers of the undersigned at the same address.

Failure to file timely objections to this Report and Recommendation will preclude later appellate review of any order of judgment that will be entered.  *See Caidor v. Onondaga County*, 517 F.3d 601, 604 (2d Cir. 2008).

Requests for extensions of time to file objections must be made to Judge Halpern.

Copy mailed to:

DeShawn J. Booker
DIN No. 14-A-5271
Wallkill Correctional Facility
Route 208
Box G
Wallkill, NY 12589-0286